**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50223 |
| Plaintiff-Appellee, | D.C. No.<br>3:16-cr-02666-JAH-1 |
| v. | |
| COLEMAN LOUIS PAYNE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted October 9, 2018
Pasadena, California

Before:  SCHROEDER, M. SMITH, and NGUYEN, Circuit Judges.

Coleman Payne appeals the sentence of 80 months in custody and seven

years supervised release following his guilty plea to one count of receipt of child

pornography in violation of 18 U.S.C. § 2252(a)(2).

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Payne first contends that the district court committed a procedural error by inferring that all his chat room visits were for purposes of exchanging or discussing child pornography. Payne admitted he entered the chat room several times a week to discuss pedophilia fantasies, and the visits extended over several months. The district court never stated that all of the visits were related to child pornography, and the record reflects that a proportion of the visits must have been related. Accordingly, the sentence was not based on the adverse inference that all of Payne's chat room visits involved child pornography, and there was no procedural error.

Payne also challenges the district court's imposition of three special conditions of release. Two restrictions - no contact with minors and not loitering near minors - were clear in their meaning and appropriately related to the statutory goals of rehabilitation and protecting the public from crimes similar to that of which Payne had been convicted. *See* 18 U.S.C. § 3553(a); *United States v. Daniels*, 541 F.3d 915, 928 (9th Cir. 2008); *United States v. Stoterau*, 524 F.3d 988, 1008 (9th Cir. 2008). The district court did not abuse its discretion in imposing these special conditions of release. The restriction on access to the internet, however, may reach too broadly in light of the variety of devices and situations to which it might apply as written. We therefore remand for the district

2

court to clarify that the first sentence of the restriction is aimed at devices that have the capacity to access child pornography.

As to the family responsibilities standard condition, the parties agree that the condition should not have been included in Payne's sentence. We therefore also remand for the district court to strike the family responsibilities standard condition from Payne's conditions of supervised release.

**AFFIRMED in part and REMANDED in part**.